UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STRATFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-2002 KJN P<br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel. By order filed August 2, 2018, plaintiff was directed to either pay the filing fee or file an application to proceed in forma pauperis. Plaintiff did neither; rather, on August 14, 2018, plaintiff filed a motion for relief from prior proceeding. Plaintiff claims that he mistakenly dismissed his prior civil rights action, Stratford v. Brazelton, No. 1:17-cv-0766 MJS (PC) (E.D. Cal.), in order to further exhaust his administrative remedies as to additional claims and issues, and to add new defendants. Plaintiff asks the court to consider his pleading as a "Second Amended Complaint" filed in plaintiff's previous civil rights action.

　　　　Plaintiff's prior case was voluntarily dismissed at his request, without prejudice. Id. (ECF No. 12, 13.) "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the

1

district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999). The primary meaning of "dismissal without prejudice" is that plaintiff is not barred from returning later to the same court, with the same underlying claim before expiration of the statute of limitations. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. at 497, 505 (2001).

However, a plaintiff may move for relief from a voluntary dismissal under Rule 60(b) of the Federal Rules of Civil Procedure (governing relief from final judgment, including mistake and excusable neglect). Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 542 (6th Cir. 2001); Schmier v. McDonald's LLC, 569 F.3d 1240, 1243 (10th Cir. 2009). If plaintiff wishes to have the dismissal of his prior case set aside, he must file a motion to set aside the dismissal in Case No. 1:17-cv-0766 MJS (PC).

Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Rule 60(c), [a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

Therefore, plaintiff's motion for relief from prior proceeding is denied as improperly-filed in this new action. The denial is without prejudice to plaintiff filing a motion under Rule 60(b) in

Case No. 1:17-cv-0766 MJS (PC), in the Fresno Division of this court, accompanied by his proposed second amended complaint. Plaintiff is cautioned that he should not delay as he only has one year from November 13, 2017, in which to seek relief under Rule 60(b)(1), (2) or (3) in his prior case.

While plaintiff arguably is allowed to file a new action raising his prior claims concerning Valley Fever, either in state court or in federal court, such claims appear to be barred by the statute of limitations.[1] Although plaintiff refers to dates ranging from 2003 to 2011, his allegations are based on his claim that he contracted Valley Fever in December of 2007 while housed at Pleasant Valley State Prison.[2] Plaintiff's instant complaint is untimely. Plaintiff is ordered to show cause why this action should not be dismissed without prejudice to plaintiff seeking relief in his prior action. In the alternative, plaintiff may voluntarily dismiss this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 5) is denied without prejudice; and

2. Within thirty days, plaintiff shall show cause why this action should not be dismissed without prejudice to plaintiff seeking relief in Case No. 1:17-cv-0766 MJS (PC).

Dated: September 19, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stra2002.osc

---

[1] Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. However, the new statute of limitations period does not apply retroactively. Maldonado, 370 F.3d at 955. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court. . . ." Cal. Civ. Proc. Code § 352.1.

[2] As noted in plaintiff's prior case, his claims are more properly raised in the Fresno Division of this court as such claims arose in Fresno County. No. 1:17-cv-0766 MJS (ECF No. 5 at 1.)

3